UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20305-CR-BLOOM

UNITED STATES OF AMERICA

v.

WILLIAM ANTONIO COLUMNA SEVERINO,

    Defendant.

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
PURSUANT TO 18 U.S.C § 3582(c)(2) BASED ON THE NEW SENTENCING
GUIDELINE DOWNWARD ADJUSTMENT FOR CERTAIN ZERO-POINT
OFFENDERS**

The United States, through the undersigned Assistant United States Attorney, hereby files this response to the defendant's Motion Pursuant to 18 U.S.C. § 3582(c)(2) Based on the New Sentencing Guideline Downward Adjustment for Certain Zero-Point Offenders (DE 127). The government agrees that the defendant is eligible for relief pursuant to the "zero-points offender" retroactive amendment to the United States Sentencing Guidelines, and that a sentence reduction is warranted upon consideration of the 18 U.S.C. § 3553(a) factors. For the reasons below, the government submits that the defendant's Motion should be granted, and his sentence should be reduced from a term of 108 months (the low end of the originally applicable guideline range) to a term of 87 months (the low end of the adjusted guideline range).

**COURSE OF PROCEEDINGS IN THE CRIMINAL CASE**

On October 27, 2022, the defendant pled guilty pursuant to a written plea agreement to one count of conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963). (DE 47, 49.) As set forth in his written factual proffer, the defendant, a

Puerto Rican citizen and resident, conspired with South American narcotics traffickers who were planning to import large quantities of cocaine to Miami, Florida, by way of Puerto Rico. (DE 48 ¶¶ 1-5.) Specifically, the defendant helped the narcotics traffickers unload their cocaine from South America off of a boat in Puerto Rico, he transported the cocaine from one location to another location in Puerto Rico, and he retained portions of the cocaine to provide to his conspirators, who would then transport the cocaine into the United States. (*Id.* ¶¶ 4-5.)

Before sentencing, Probation prepared a presentence investigation report. The defendant's base offense level was 38 per U.S.S.G. § 2D1.1(a)(5), (c)(1), as the defendant was held accountable by Probation for importing 580 kilograms of cocaine. (PSI ¶ 28.) The defendant also received a 3-level reduction for timely acceptance of responsibility (i*d.* ¶¶ 35-36), yielding a total offense level of 35 (*id.* ¶ 37). The defendant had zero criminal history points, yielding a criminal history category of I. (*Id.* ¶ 40.) With a total offense level of 35 and a criminal history category of I, the defendant's advisory guidelines range came to 168 to 210 months. (*Id.* ¶ 68.)

The defense filed objections to the PSI. Of relevance here, the defendant argued that he was only responsible for handling approximately 400 kilograms of cocaine, as the parties had stipulated in the plea agreement, not 580 kilograms as stated by Probation, and therefore that the base offense level should be 36 rather than 38. (DE 58.) The government filed a response agreeing in pertinent part with the defendant, and recommending that the defendant's base offense level should be 36 pursuant to the plea agreement. (DE 59.)

Sentencing proceedings were held on April 29, 2022. (DE 89.) The Court sustained the defendant's objection to the PSI concerning the base offense level, and set the base offense level at 36. (Statement of Reasons.) The Court further found that the defendant was eligible for the safety valve and granted him a 2-level reduction per U.S.S.G. § 2D1.1(b)(18). (*Id.*) With a base

offense level of 36, a 2-level safety valve reduction, and a 3-level reduction for timely acceptance of responsibility, the defendant's total offense level was 31, and with zero criminal history points, the defendant's advisory guidelines range came to 108 to 135 months. (*Id.*)  The Court sentenced the defendant to a bottom-of-the-guidelines sentence of 108 months, followed by 5 years' supervised release.  (DE 89-90.)

The defendant is serving his sentence at Yazoo City Medium FCI, with an anticipated release date of July 27, 2029.  The defendant has served 28 months and has credit for good conduct time of approximately 3 months, for total time served of approximately 31 months of his 108 month sentence.

## LEGAL STANDARD

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified.  *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).  Specifically, 18 U.S.C. § 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added).  Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process.  *See Dillon v. United States*, 560 U.S. 817 (2010).  First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2).  *Id*. at 826–27.  The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowers the defendant's applicable sentencing guidelines range *and* relief is consistent with

applicable policy statements. *Id*. The applicable policy statement here bars a court from granting relief below the bottom of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Then, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors,[1] *id*. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

## LEGAL ANALYSIS

### Eligibility

The defendant here seeks relief based on the zero-point offenders amendment. This provision "provide[s for] a decrease of two levels from the offense level . . . for defendants who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Application to Amendment 821 (Parts A and B, Subpart 1 Only), Amendment to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf. Specifically, a defendant must meet all the following criteria to be eligible for relief:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

---

[1] The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's 18 U.S.C. § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants; (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

The government agrees that the defendant in this case is eligible for relief under the new "zero-point offender" amendment, and that his offense level should be reduced by two levels. The defendant was not assessed any criminal history points, and his instant offense did not involve any of the specified aggravating factors listed in U.S.S.G. § 4C1.1. Therefore, the defendant is correct that Amendment 821 reduced his guideline range. With a total offense level of 29 (rather than 31), and a criminal history category of I, the defendant's amended guideline range is 87-108 months.

### The 18 U.S.C. § 3553(a) Factors

As set forth above, the government agrees that the defendant is eligible for 18 U.S.C.

§ 3582(c)(2) relief.  The government also agrees that relief is warranted upon consideration of the 18 U.S.C. § 3553(a) factors.  Although the defendant's offenses were serious, he is a first-time non-violent offender with no prior involvement with the criminal justice system.  As the defendant detailed in his motion, he is also making efforts toward rehabilitation in prison.  Furthermore, a reduction in the defendant's term of imprisonment presents little to no risk of danger to any person or the community.  U.S.S.G. § 1B1.10, cmt. n. 1(B).  The government therefore recommends that the Court exercise its discretion to reduce the defendant's sentence to a term of 87 months.

## CONCLUSION

Based on the foregoing, the government agrees that the defendant should be granted relief, and his sentenced reduced to a term of 87 months imprisonment.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: */s/ Michael B. Homer*            .
Michael B. Homer
Assistant United States Attorney
Court No. A5502497
99 Northeast 4th Street
Miami, Florida 33132
Telephone: (305) 961-9289
E-mail: Michael.Homer@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and delivered the document by Certified Mail to *pro se* defendant William Antonio Columna Severino, Yazoo City Medium FCI, Inmate Mail/Parcels, Post Office Box 5888, Yazoo City, MS 39194.

                                                          */s/ Michael B. Homer*
                                                         MICHAEL B. HOMER
                                                         Assistant United States Attorney